USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/16/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HASSAN ABUBAKR AND VIRGINIA ABUBAKR,

Plaintiffs,

-against-

LIBERTY INSURANCE CORP. D/B/A LIBERTY MUTUAL INSURANCE, LIBERTY MUTUAL FIRE INSURANCE COMPANY.

Defendants.

26-CV-00756 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

Plaintiffs, Hassan Abubakr and Virginia Abubakr (together, the "Plaintiffs") commenced the instant action on or about December 22, 2025, in New York State Supreme Court, Orange County, asserting claims sounding in breach of contract against Liberty Insurance Corp. d/b/a Liberty Mutual Insurance and Liberty Mutual Fire Insurance Company (the "Defendants") and GEICO Marine Insurance Company a/k/a GEICOBOATUS ("GEICO"). (ECF No. 1, Ex. A, Complaint.) Plaintiffs sought to recover alleged benefits owed under their homeowner's insurance policy for property damage to their residence and personal property insurance policy for damage sustained to their watercraft following a May 23, 2024 EF-1 tornado. By Notice of Removal, the Defendants, with the consent of GEICO, removed the action to this court, U.S. District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1332, based on diversity jurisdiction. (ECF No. 1, Ex. C.) On February 27, 2026, the Plaintiffs filed an Amended Complaint (the "AC"), the operative pleading, asserting similar claims only against the Defendants. (ECF No. 10.)

Presently before the Court is the Defendants' motion to dismiss Plaintiffs' second cause of action in the AC for breach of the implied covenant of good faith and fair dealing, and all claims

for consequential and punitive damages, and reasonable attorney's fees. (ECF Nos. 11-13, 15.) Plaintiffs oppose the motion. (ECF No. 14.) For the following reasons, Defendants' motion to dismiss the second cause of action as duplicative is GRANTED.

**LEGAL STANDARD**

**I. Motion to Dismiss**

Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 8(a) provides in relevant part that a claimant's pleading must contain a short and plain statement of the grounds for the court's jurisdiction, and a short and plain statement for each claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(d)(2) permits a party to set out two or more statements of a claim alternatively or hypothetically, either in a single count or in separate ones. Although Fed. R. Civ. P. 8 does not require detailed factual assertions, it does "demand[ ] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When determining the sufficiency of the complaint, and more specifically a claim under Rule 12(b)(6), it is permissible for the court to consider the complaint, documents attached to the complaint or incorporated into it by reference, and documents which are essential to the plaintiff's claims, even if not explicitly incorporated by reference. *Moore v. Hadestown Broadway Ltd. Liab. Co.*, 722 F.Supp.3d 229, 243 (S.D.N.Y. 2024) (citing *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

The factual allegations in a well-pled complaint are to be interpreted as true, meaning the "court should assume their veracity and then determine whether they plausibly give rise to an

entitlement to relief." *Iqbal*, 556 U.S. at 679. A court, however, "[is] 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). It is not necessary for the complaint to assert "detailed factual allegations," but it must allege "more than labels and conclusions." *Twombly*, 550 U.S at 555. The facts in the complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the complaint's allegations are true." *Id.*

## II. Breach of Contract

Under New York law, insurance policies are interpreted by traditional rules of contract interpretation. *SJN Props. LLC v. Harleysville Ins. Co.,* 738 F.Supp.3d 405, 411 (S.D.N.Y. 2024). To prevail on a breach of contract claim, a plaintiff must establish (i) the existence of an agreement; (ii) adequate performance by the plaintiff; (iii) breach by the defendant; and (iv) damages. *Diesel Props S.r.l. v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 52 (2d Cir. 2011). A cause of action for breach of contract accrues upon breach. *Guilbert v. Gardner*, 480 F.3d 140 (2d Cir. 2007)

Damages arising from the breach of a contract are "ordinarily [] limited to the contract damages necessary to redress the private wrong." *New York Univ. v. Cont'l Ins. Co.*, 87 N.Y.2d 308, 315 (1995). The underlying basis for awarding damages for breach of contract is to make good or replace the loss created by the breach. *Seidman v. Indus. Recycling Props., Inc.*, 106 A.D.3d 983, 985 (2013). In limited circumstances, a prevailing nonbreaching party in a breach of contract claim is entitled to recover general damages which are the "natural and probable consequence of the breach," provided such damages were contemplated by the parties "as the probable result of a breach at the time of or prior to contracting." *Bi-Econ. Mkt., Inc. v. Harleysville Ins. Co. of New York*, 10 N.Y.3d 187, 192 (2008) (quoting *Kenford Co. v. County of Erie*, 73 N.Y.2d 312, 319 (1989)). When determining whether consequential damages are reasonably

contemplated by the parties, the court must look to "the nature, purpose and particular circumstances of the contract known by the parties . . . as well as 'what liability the defendant fairly may be supposed to have assumed consciously, or to have warranted the plaintiff reasonably to suppose that it assumed, when the contract was made.'" *Id.* at 193 (quoting *Kenford*, 73 N.Y.2d at 319). Accordingly, the court looks first and foremost to the contract itself, the language therein, and its plain meaning to determine whether consequential damages are recoverable.[1] *Id.* at 195.

**III. Breach of the Implied Covenant of Good Faith and Fair Dealing**

To state a plausible claim for a breach of good faith and fair dealing, a plaintiff must allege that a party has acted in a manner that, although not expressly forbidden by the agreement, would deprive the other party of the right to receive the benefits they are otherwise entitled to receive under the agreement. *Violet Realty, Inc. v. Affiliated FM Ins. Co.*, 267 F.Supp.3d 384, 388 (W.D.N.Y. 2017) (citing *Williamson Acquisition, Inc. v. PNC Equity Mgmt. Corp.*, No. 03-CV-6666T, 2010 WL 276199, at *7 (W.D.N.Y. Jan. 15, 2010), *aff'd sub nom. Argilus, LLC v. PNC Fin. Servs. Grp., Inc.*, 419 Fed.App'x 115 (2d Cir. 2011)). Implicit in all contracts of insurance is a covenant of good faith and fair dealing such that "a reasonable insured would understand that the insurer promises to investigate in good faith and pay covered claims." *New York Univ.*, 87 N.Y.2d at 318; *see also Nat'l Mkt. Share, Inc. v. Sterling Nat. Bank*, 392 F.3d 520, 525 (2d Cir. 2004) ("[A] duty of good faith and fair dealing is implied in every contract.") The duty "prevents any party from doing 'anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract.'" *Gaia House Mezz LLC v. State St. Bank & Tr.* Co., 720 F.3d 84, 93 (2d Cir. 2013) (citing *Dalton v. Educ. Testing Serv.*, 87 N.Y.2d 384, 389

[1] In *Bi-Econ*, the Court determined plaintiff, an insured, was entitled to assert a claim for breach of good faith and fair dealing and seek consequential damages under an insurance provision which provided coverage for business interruption. *Bi-Econ*, 10 N.Y.3d at 193-96. The Court determined the coverage was intended to ensure that the plaintiff had the financial support necessary to sustain its business operation in the event a covered event occurred. *Id.*

(1995)). Typically, a party cannot succeed on claims for breach of contract and breach of the implied covenant based on the same facts; however, a claimant may pursue the claims in the alternative if there is a dispute over the express terms of the contract. *Spinelli v. Nat'l Football League*, 903 F.3d 185, 206 (2d Cir. 2018).

An implied covenant claim may survive a motion to dismiss if it is based on allegations different from those supporting the accompanying breach of contract claim. *See Kaplan Grp. Invs. LLC v. A.S.A.P. Logistics Ltd.*, 694 F.Supp.3d 374, 388 (S.D.N.Y. 2023). In *Bi-Econ*, the court revived a plaintiff's breach of good faith and fair dealing claim seeking consequential damages based upon an insurance policy provision which provided coverage for alleged business interruption. *Bi-Econ.*, 10 N.Y.3d at 194-95. The appellate court determined the relevant insurance policy provision was intended to ensure that the plaintiff had financial support to sustain its business operation in the event a covered event occurred. *Id*. An implied covenant claim, however, will not survive, even if premised on different factual allegations, if it seeks the same relief as a breach of contract claim. *See JN Contemporary Art LLC v. Phillips Auctioneers LLC*, 29 F.4th 118, 128 (2d Cir. 2022).

**DISCUSSION**

Plaintiffs' first cause of action alleges a claim for breach of contract. Plaintiffs allege that as a result of a tornado, they suffered damage to their residence. AC ¶¶ 1-2. Plaintiffs assert the tornado was purportedly "a covered peril" under their insurance policy and seek to recover damages (in excess of) $350,000. AC ¶¶ 25-31. Plaintiffs further allege that following the submission of timely notice, relevant documents and an inspection, the Defendants misapplied an exclusion resulting in the wrongful denial of coverage. AC ¶ 17.

Plaintiffs' second cause of action for breach of the implied covenant of good faith and fair dealing is premised on Defendants' alleged failure to conduct a fair and good faith investigation of their claim, reliance exclusively on their own engineering report which incorrectly determined that the home was not damaged by the tornado but rather due to water intrusion. AC ¶¶ 15, 37. Plaintiffs also allege the denial of coverage was based on an unfounded policy exclusion. AC ¶ 38. Based on Defendants' breach of the implied covenant of good faith and fair dealing, Plaintiffs seek consequential damages beyond the policy proceeds. AC ¶ 45.

Upon reviewing the relevant documents, the Court determines that Plaintiffs' second cause of action for breach of the implied covenant of good faith and fair dealing is duplicative of their breach of contract claim. Though Plaintiffs artfully attempt to re-package the claim, it is in essence the same breach of contract claim, a failure to provide insurance for an alleged covered event under their homeowner's policy. *See Harris v. Provident Life & Acc. Ins. Co*., 310 F.3d 73, 81 (2d Cir. 2002) ("New York law . . . does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled.") Moreover, a claim for "breach of the implied covenant of good faith and fair dealing cannot be maintained where the alleged breach is 'intrinsically tied to the damages allegedly resulting from a breach of the contract.'" *Deer Park Enters., LLC v. Ail Sys., Inc.,* 57 A.D.3d 711, 712 (App. Div. 2d Dep't 2008) (quoting *Canstar v. Jones Constr. Co.,* 212 A.D.2d 452, 453 (App. Div. 1st Dep't 1995)). Though Plaintiffs rely exclusively on the insurance policy in support of their claim, they do not reference any language or provision which would entitle them to consequential damages. *See* AC.

To the extent Plaintiffs seek punitive damages, they are similarly not entitled to such relief. As previously mentioned, in New York, damages arising from the breach of a contract are

"ordinarily limited to the contract damages necessary to redress the private wrong." *N.Y. Univ.,* 87 N.Y.2d at 315. Punitive damages are generally warranted to vindicate public rights. *Id.* They are available in limited circumstances where it is necessary to deter a defendant and others similarly situated from engaging in conduct that may be characterized as "gross" and "morally reprehensible," and of "such wanton dishonesty as to imply a criminal indifference to civil obligations." *Id.* at 315–16 (citing *Rocanova v. Equitable Life Assur. Soc. of U.S.*, 83 N.Y.2d 603, 614 (1994)). Here, Plaintiffs merely assert a private cause of action and fail to allege any facts or cite to any statute that would permit the imposition of punitive damages.

Generally, attorney's fees are incidents of litigation, and a prevailing party is not entitled to such fees from the non-prevailing party unless an award is authorized by an agreement between the parties, statute or court rule. *See Hooper Assocs., Ltd. v. AGS Computers, Inc.,* 74 N.Y.2d 487, 491 (1989). In the context of insurance, it is well settled law in New York, "that an insured may not recover the expenses incurred in bringing an affirmative action against an insurer to settle its rights under the policy." *New York Univ*., 87 N.Y.2d at 324 (citing *Mighty Midgets v. Centennial Ins. Co*., 47 N.Y.2d 12, 21 (1979); *Grimsey v. Lawyers Tit. Ins. Corp.*, 31 N.Y.2d 953 (1972); *Doyle v. Allstate Ins. Co*., 1 N.Y.2d 439, 444 (1956)). In opposition to the Defendants' motion, Plaintiffs assert that dismissal of their prayer for relief in the form of attorney's fees at the pleading stage is premature and that courts have recognized a few exceptions to the general rule. In support of their contention, Plaintiffs rely on *A & M Warshaw Plumbing & Heating, Inc. v. Mount Vernon Fire Ins. Co*., No. 24-cv-5430 (RA), 2025 WL 69972 (S.D.N.Y. Jan. 10, 2025). In *A & M Warshaw Plumbing & Heating, Inc,* the court recognized one exception to the rule, when the insured party is placed in a "defensive posture" by the insurer's commencement of a declaratory judgment action seeking a judicial determination that it has no legal obligation to cover the insured's claim. *Id.* at

11-12. That exception, however, is not applicable in the instant action because Defendants did not file a suit for declaratory judgment against Plaintiffs. Accordingly, dismissal is warranted.[2]

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Plaintiffs' second cause of action for implied covenant of good faith and fair dealing as duplicative of their cause of action for breach of contract, and to dismiss Plaintiffs' prayer for relief seeking consequential and punitive damages, and reasonable attorney's fees is GRANTED.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 11.

Dated: November 16, 2026
White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

[2] The Court's determination in denying Plaintiffs' application for attorney's fees is consistent with the long established New York legal principle that recovery of such fees "may not be had in an affirmative action brought by an [insured] to settle its rights . . . but only when he has been cast in a defensive posture by the legal steps an insurer takes in an effort to free itself from its policy obligations." *Mighty Midgets,* 47 N.Y.2d at 21 (citations omitted).